UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-18 |
| | § | |
| SEAN SHARER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sean Sharer's Motion for Compassionate Release (Doc. 3447). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Sharer pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 175 months of imprisonment and three years of supervised release. Doc. 2461, J., 1–3.

Sharer, who is now forty-eight years old, is serving his sentence at El Reno Federal Correctional Institution (FCI). His scheduled release date is March 14, 2027.[1] As of December 24, 2020, El Reno FCI has reported one active and 299 recovered COVID-19 cases among inmates.[2]

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

On December 8, 2020, Sharer filed a motion seeking both compassionate release under 18 U.S.C. § 3582 and a court-appointed attorney. Doc. 3447, Def.'s Mot., 1, 6. The Court addresses each of Sharer's requests below. Because Sharer is not entitled to a court-appointed attorney, and because he has neither exhausted his administrative remedies nor demonstrated extraordinary and compelling circumstances warranting his release, Sharer's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.   *Sharer Is Not Entitled to Appointment of Counsel.*

The Court denies Sharer's request for appointment of counsel. Courts in this district have noted that the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v.*

*Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit *has* found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, the Court holds that Sharer is not entitled to appointment of counsel in his compassionate-release proceedings.

B.    *Sharer Has Not Demonstrated Proof of Exhaustion.*

Sharer's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release

In his motion, Sharer does not provide proof that he has exhausted his administrative remedies. Though he posits that he submitted a request to the warden of his facility on July 28, 2020, Doc. 3447, Def.'s Mot., 3, Sharer does not adequately substantiate this statement. In support of his motion, Sharer provides a written communication sent to "Mr[.] Kelley," a prison staff member of unknown credentials, which states: "Sir, I put a compasionate [sic] release due to my attorney JB Stafford recomidations [sic] to Warden Grant on 7-28-20 have you heard anything pertaining to that? thank you for your time. Sean K Sharer." *Id.* at 16. Mr. Kelley appears to have responded that he had "not received any information on a compassionate release." *Id.* This submission does not suffice to prove exhaustion, as it in no way proves that the warden of El Reno FCI received a compassionate-release request from Sharer. To the contrary, it indicates that prison staff is not aware of any request by Sharer for compassionate release. *See id.* Moreover, to the extent this submission could itself be construed as a compassionate-release request, it is insufficient for two reasons. First, it is not addressed to, and was not received by, the warden of Sharer's facility. Second, the submission does not request compassionate release. Rather, it references an existing pending request for compassionate release. *See id.*

Sharer also submits an intra-prison email request dated November 12, 2020, addressed to the warden stating that it is Sharer's "fourth inquiry for compassionate release[.]" *Id.* at 17. Likewise, this submission does not suffice to prove exhaustion. To the extent it requests compassionate release, it is devoid of any indication that the warden received it. Section 3582(c)(1)(A) unambiguously requires that a motion for compassionate release be brought thirty days after the warden *receives* such

---

request—irrespective of a denial. *See id.* at *5.

-4-

a request. § 3582(c)(1)(A). Defendants are required to prove compliance with § 3582(c)(1)(A). *See, e.g., United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020). Proof of compliance ensures that the BOP had the first opportunity to assess the merits of a defendant's request. *See id.* Submission of the administrative request alone, absent proof the warden received it, is insufficient. *United States v. Carrera*, 2020 WL 7225997, at *2 (N.D. Tex. Dec. 7, 2020). Because Sharer has not demonstrated proof of exhaustion as required by § 3582, his request for compassionate release fails.

C.      *Sharer Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Sharer exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Sharer has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Sharer explains that his facility is not maintaining a clean environment, permitting social distancing, or quarantining sick inmates properly. Doc. 3447, Def.'s Mot., 5. He further states that he is obese and takes daily medications for a seizure disorder, diabetes, high blood pressure, cholesterol, an esophageal disorder, his stomach, shakes and tremors, and chronic asthma, though he does not explain why these conditions constitute extraordinary and compelling circumstances. *Id.* at 9, 15.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at El Reno FCI. But the facility's statistics—299 recovered cases and one active case of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Sharer's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at El Reno FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Sharer's individual circumstances, the Court notes that he has not supplied any proof that he suffers from the medical conditions alleged. In the absence of medical records establishing that Sharer indeed suffers from the conditions he complains of, the Court declines to find extraordinary and compelling circumstances. *See, e.g.*, *United States v. Parker*, 2020 WL 4673125, at

*3 (N.D. Tex. Aug. 11, 2020) (declining to find extraordinary and compelling circumstances on the basis of alleged medical conditions without substantiating medical records); *United States v. Medina*, 2020 WL 6737882, at *3 (N.D. Tex. Nov. 16, 2020) (same).

However, even if Sharer had supplied evidence substantiating his alleged medical conditions, the Court would not likely be inclined to find that they constitute extraordinary and compelling circumstances warranting Sharer's release. Sharer makes no allegations that his conditions are not under control, nor that they "substantially diminish[] [his] . . . ability. . . to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. In sum, Sharer has not demonstrated that extraordinary and compelling reasons warrant his release, so his request for compassionate release fails.

Lastly, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). But due to Sharer's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Sharer's release, the Court would nonetheless deny Sharer's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and compelling circumstances.

## IV.

## CONCLUSION

Sharer's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For both these reasons, the Court **DENIES** Sharer's motion (Doc.

3447) **WITHOUT PREJUDICE**.

By denying Sharer's motion without prejudice, the Court permits Sharer to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

**SO ORDERED.**

**SIGNED:** December 24, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE